United States District Court
Southern District of New York
_____

JUNG PAO,                                    11 Civ. 4765 (JGK)

                          Plaintiff,         MEMORANDUM OPINION AND
                                             ORDER

          - against -

THE CITY OF NEW YORK, ET AL.,

                          Defendants.
_____

JOHN G. KOELTL, District Judge:

     The Court has received the attached letter from the
plaintiff.

     This case will be stayed until **July 13, 2012** in order to
allow the plaintiff additional time to secure new counsel in
this case.  The stay will be lifted automatically on that date.
Any new counsel retained by the plaintiff should enter an
appearance promptly after they are retained.  If the plaintiff
is not able to secure counsel, then he should enter a notice of
appearance on behalf of himself.  After the stay is lifted, the
plaintiff may apply for an extension of the discovery period if
one is needed.  The plaintiff may also contact the Office of Pro
Se Litigation with any questions.  The telephone number for the
Office of Pro Se Litigation is 212-805-0177.

     The plaintiff's application for appointment of counsel is
**denied** at this time without prejudice to renewal.

For the Court to order the appointment of counsel, the plaintiff must, as a threshold matter, demonstrate that her claim has substance or a likelihood of success on the merits. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: the "plaintiff's ability to obtain representation independently, and [his] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

At this point in the proceedings, the Court cannot determine based on the record that the plaintiff's claims are substantial or that she is likely to succeed on the merits. SO ORDERED.

Dated:    New York, New York
          June 22, 2012

                                        John G. Koeltl
                              United States District Judge

June 5, 11, 15, 17, 18, 2012



Hon. John G. Koeltl
United State District Court
Southern District of New York
500 Pearl St. #1030
New York, NY 10007

Re: 11-cv-04765

Dear Judge Koeltl,

      I write to respectfully request your assistance that an attorney be appointed to continue

my case on a contingency basis and an extension of the June 25, 2012 deadline be granted for a

reasonable time to ensure smooth transition. My circumstances are as follows:

      To date I have not been able to secure adequate or affordable new counsel as per your

order of May 8, 2012. Nor have I had any representation so that I could begin to address the

Constitutional issues in my complaint. When I was fed up with my then attorney Stewart Lee

Karlin asking me for an additional $3,500 to "amend" my complaint again while continually

ignoring me, he emailed me twice on March 20, 2012 that he's "finally" "withdrawing." On

March 23, I received a referral for Susan Slovak-Stern from a then unemployed attorney (whom I

met at a job search meeting). She highly recommended Susan because she was a "former senior

staff attorney for the New York City Human Rights Commission" and "has dealt with issues

concerning the Dept. of Education…" When Karlin emailed me on March 28, 2012 that he's

"willing to discuss not withdrawing" from my case and "continuing" his "representation," Susan

gave me some "friendly advice," which led to Mr. Karlin's subsequent motion on March 29,

2012, finalizing his withdrawal, granted by you on May 8, 2012. All my communication with

Susan during this time was done over the phone and via email.

1

From the start Susan indicated that if she took my case she would do it on a "true contingency basis" after I explained to her my case via Mr. Karlin. In our conversation she inadvertently revealed that she knew Neal Rosenberg whom we retained briefly a year ago in the hope he could advocate legally for our son with a documented social disability, which ended prematurely. She also shared a bit of her son's special education which made me feel I could relate to her because mine has the same disability from which all of this had started. Then she found out that it was Mr. Rosenberg that referred Mr. Karlin to represent me and I could hear her hesitation at the time. On April 23, 2012, I mailed a packet of my case documents (with the new developments as of that date) to Susan per her request to "evaluate my case" free of charge at her home office, 333 McDonald Ave. #2L, Brooklyn, NY 11218. On April 26, 2012, she emailed me acknowledging the receipt of my packet and asked for more documents I did not have. All this time she had been aware of my May 18, 2012 discovery deadline.

About two weeks had gone by and I still had not heard from Susan. I phoned her a couple of times and got hold of her on May 4, 2012 when she sounded a bit "remote," telling me "I would get back to me this weekend (May 5 & 6)". She didn't. On Monday, May 7, 2012, I emailed for her disposition with a reminder of the deadline. Again on May 8, 2012, I emailed her about your granting of Mr. Karlin's motion to withdraw. On May 14, 2012, I emailed her about my receipt of the case file from Mr. Karlin. But there had been no response from her all this time.

On May 9, 11, 16-18, 2012, I emailed Susan's referring attorney about her whereabouts. She was "surprised," felt "responsible," and was "so sorry," and would "continue to reach out to her." But I still did not hear from Susan. On May 23, 2012, I phoned Susan at her home office, heard a voice that sounded like her "She's not here!" and got hung up on. I then tried her cell and left a message. On May 24, 2012, I phoned her friend who said she was driving but would get

2

back to me later. She didn't either and to this day I've lost hope hearing from her. On May 25, 2012, I emailed her again to no avail. This is so weird. All I wanted was an answer so that I could move on. If Susan didn't want to help me, why couldn't she tell me and return my documents? Was that because of her relation with Neal Rosenberg? Did she call him after speaking to me? Are they now conspiring against me because I stopped Karlin from playing games in his "representation?" Why didn't either Susan or her friend respond to me? What would they do with my documents, several of which were new, which Karlin didn't have? But in the back of my mind I was still hoping that perhaps Susan was out of reach due to a personal emergency and she would eventually get back to me, if not this week, perhaps next, or even the one after that. More and more time passed silently and steadily but there was no Susan—she seemed to have vanished forever. Now Karlin's words on March 20, 2012 resounded in my mind, "...you can continue to its conclusion if you can find a lawyer to take your case."

Meanwhile, I went back to my own searches for an attorney. With some help from the Manhattan DA's office, Philip Taubman was recommended to me out of the three names provided by National Employment Lawyers Association. But Mr. Taubman wouldn't take my case. In fact, he wouldn't take a case started by someone else nor on a contingency basis because it involves work and he made it sound like I didn't have a case. I persisted with NELA and got three more names: Kenneth Richardson, Michael Borrelli, and Antonia Kousoulas but stopped short of calling them. In my mind was this question: "What would make these three different from the last so that I do not suffer the same fate?"

I have already paid well over $10,000 in attorney fees since March 2011. For example, Neal Rosenberg was referred to me by Bryan Glass to whom I paid for an initial consultation. I then paid Neal an initial $2,250 but all he had in mind, it turned out, was to put my son in a

3

private school by our risking to put down a steep tuition, which didn't even have a seat for him in the following year, but then we found out, after research, that school might not meet his needs. When Neal referred me to Karlin who sat in the same general office I paid him $7,500. Another attorney after Neal had much higher fees. Given our "legal" experiences and a reduction of family income of approximately $70,000 a year, the loss of adequate medical insurance and a host of other prospects to live the American dream, an unemployed, blacklisted person like I, cannot but stop this type of "gambling" to rest in order to protect my family before it's too late. My son's school still owes us medical bills resulting from bullying. Nowadays we struggle to manage our finances in a way to minimize the impact upon our two children, 9 and 14, while the Constitutional issues stated in our Amended Complaint remain and worsen. Therefore, I turn to you with these requests and ask "In what realistic terms can the rights of all Americans with vastly unequal resources be protected?"

I had doubts about releasing all the aforementioned names in case the intertwined networkings of the legal system backfire and put us in further disfavor but as a citizen of this great nation and especially in view of what makes this nation great I'm willing to put all of this to a test. We are in your hands. Regardless of the outcome of this appeal I as *pro se* shall, without delay, do my best to submit my discovery documents by June 25, 2012 for summary judgment.

Sincerely yours,

Jung Pao
Plaintiff
6150 220th St. 2FL
Oakland Gardens, NY 11364

4